**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**IN ADMIRALTY**

In the Matter of the Complaint

of

KEVIN CAMERON, as Owner of the Motor Vessel "KELLI ANN," a 33-Foot 1999 Sea Ray Cruiser Bearing Hull Identification Number SERF70371899, Her Engines, Tackle, Apparel and Appurtenances, for Exoneration from or Limitation of Liability
_____/

Case No. 3:17-cv-01460-J-20JRK

# **O R D E R**

This cause is before the Court on the Motion for Entry of Default Against Non-Filing Claimants (Doc. No. 11; "Motion for Entry of Default"), filed February 22, 2018. Plaintiff initiated this action on December 29, 2017 by filing a Verified Complaint for Exoneration From or Limitation of Liability (Doc. No. 1; "Complaint"); see 46 U.S.C. §§ 30501 et seq.; Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule(s)"). Under 46 U.S.C. § 30505, a vessel owner may limit his or her liability resulting from a maritime accident to the value of the owner's interest in the vessel and its pending freight for "any loss, damage, or injury by collision" occurring "without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)-(b).

The motor vessel "Kelli Ann" ("the Vessel"), which is owned by Plaintiff, was involved in a collision with a "submerged piling or other wooden obstruction" while on "navigable waters in Duval County, Florida." Complaint at 2-3. The collision damaged the Vessel's propeller; and as a result, "the Vessel had to travel at a slow rate of speed for the remainder of the trip." Id.

at 3. While the Vessel was traveling at a slow rate of speed, Bertran Herring, a passenger, "fell . . . as he walked toward the stern of the Vessel." Id. Plaintiff alleges that "all injuries, losses and damages sustained as a result of the incident described in th[e] Complaint occurred without fault on the part of . . . Plaintiff and without his privity or knowledge." Id. at 4. Plaintiff timely filed the Complaint within six months of first receiving written notice of a claim against him arising out of this incident. Id. at 4-5. Plaintiff seeks exoneration from, or limitation of, liability for "any injury, loss, damage or expense or for any claim whatsoever in any way arising out of or in consequence of the incident described above." Id. at 6-7.

On January 2, 2018, Plaintiff filed an Ad Interim Stipulation of Value and Stipulation for Costs (Doc. No. 2; "Ad Interim Stipulation") in the amount of $50,000 plus annual interest at the rate of six percent. See Ad Interim Stipulation at 2. On the same date, Plaintiff filed a Motion to Approve Ad Interim Stipulation and to Enter Monition and Injunction (Doc. No. 3). On January 11, 2018, the Court approved the Ad Interim Stipulation. See Order Approving Ad Interim Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims (Doc. No. 6). On the same date, the Court entered a Monition Order (Doc. No. 5) directing "all persons and corporations claiming any loss, damage, injury, death or destruction caused by or resulting from the casualty set forth in the Complaint" to file their respective claims with the Clerk of this Court by February 21, 2018.

Subsequently, pursuant to Supplemental Rule F(4) and the Monition Order, Plaintiff published the Legal Notice for Publication in <u>The Florida Times Union</u>, a daily newspaper published in Jacksonville, Florida, once each week for four consecutive weeks. See Legal Notice for Publication (Doc. No. 8), filed January 21, 2018. The Legal Notice for Publication required all claimants to file their claims to the Complaint by February 21, 2018.

On February 20, 2018, Mr. Herring appeared in this case through counsel and timely filed his Answer to Verified Complaint, Affirmative Defenses, Claim for Personal Injuries, and Motion for Judgment on the Pleadings (Doc. No. 7). To date, Mr. Herring is the only claimant who has filed a claim in this case. No additional persons or parties have appeared, made claims, or otherwise answered the Complaint, and the time for such claims to be made has passed pursuant to the Monition Order.

Accordingly, it is

**ORDERED:**

1. The Motion for Entry of Default Against Non-Filing Claimants (Doc. No. 11) is **GRANTED**.

2. The Clerk is directed to enter a default against all persons and entities, except Bertran Herring, claiming any loss, damage, injury, death or destruction caused by or resulting from the incident set forth in the Verified Complaint for Exoneration From or Limitation of Liability (Doc. No. 1).

**DONE AND ORDERED** at Jacksonville, Florida on February 27, 2018.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record